UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA
*ex rel.* GWENDOLYN PORTER                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 1:16-cv-75-HSO-JCG

CENTENE CORPORATION and
MAGNOLIA HEALTH PLAN, INC.                                              DEFENDANTS

---

**DEFENDANT MAGNOLIA HEALTH PLAN, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

---

### I. Introduction

No less than 10 times in her Response Brief, Plaintiff insists she "clearly" or "obviously" has pleaded materiality. But such conclusory contentions cannot ameliorate the deficiencies of what she actually asserted in the amended complaint. At bottom, Plaintiff has not alleged any facts that plausibly suggest Magnolia's statements about telephonic case management staff—whose duties include appointment scheduling, documentation of referrals, and coordination of benefits—was "so central to" and "went to the very essence of the bargain" of the 100–200 page MSCAN contract for the administration of inpatient, emergency, behavioral, pharmacy, and associated medical services. Rather, Plaintiff's amended complaint is a prime example of "garden-variety breaches of contract or regulatory violations" that, if actionable, would transform the False Claims Act into "an all-purpose antifraud statute." The "demanding" and "rigorous" standard for materiality that *Escobar* announced cannot be satisfied on the facts pleaded. If anything, Plaintiff's allegations are indicative of immateriality. Therefore, Magnolia's Motion to Dismiss [dkt. 19] should be granted.

## II. Reply Argument[1]

Nowhere in the amended complaint does Plaintiff assert (either directly or inferentially) that Magnolia's purported statements concerning the staffing of case manager positions were "so central to" and "went to the very essence of the bargain" of the MSCAN contract that they potentially influenced the government's decision to pay. That is the "demanding" and "rigorous" standard for materiality *Escobar* sets forth. 136 S. Ct. 2002–03.

Particularly, Plaintiff does not allege Magnolia failed to comply with any contractual or legal provision of any sort that is expressly designated a condition of payment in the MSCAN agreement. Under *Escobar*, such an allegation could be suggestive of materiality. *Id.* at 2003. Neither does Plaintiff plead Magnolia was aware the government consistently refuses to pay claims where LPNs are used for case management services rather than RNs. *Escobar* implies that materiality might be found under those circumstances, too. *Id.* On the other hand, Plaintiff *does* tout in her amended complaint that she twice informed the Division of Medicaid of Magnolia's use of LPNs as case managers, to which the Division's only response was to continue paying Magnolia's claims and to renew the MSCAN contract. [Dkt. 3 ¶¶ 11 n.9, 29–30; dkts. 3-7, 3-8; dkt. 3-12 ¶ 12.] Per *Escobar*, those facts strongly suggest the staffing of case management positions with LPNs was *not* material. *Id.* at 2003–04; accord *Petratos*, 855 F.3d at 490 (affirming dismissal of complaint in like circumstances).

Against that backdrop, it is a tall order for Plaintiff to show she has nevertheless pleaded materiality. Although she tries to reframe her amended complaint in her Response Brief [dkt. 30], in the process Plaintiff manifests a fundamental misunderstanding of materiality under the False Claims Act ("FCA").

---

[1] Plaintiff has conceded dismissal of all claims besides those arising under the False Claims Act. [Dkt. 30 at 1.]

2

Plaintiff first argues that because the MSCAN contract requires Magnolia to comply with all applicable state and federal laws, as well as all policies and procedures of the Division of Medicaid, then such compliance is material. [Dkt. 30 at 14–16.] Not so. In the context of a motion to dismiss, the Fifth Circuit has rejected the notion that such boilerplate provisions requiring a contractor to comply with all applicable laws is sufficient to plead materiality. *United States ex rel. Stephenson v. Archer W. Contractors, LLC*, 548 Fed. App'x 135, 138 (5th Cir. 2013). Were it so, "the FCA would here become a general enforcement device for traffic violations." *Id.*

Similarly misplaced is Plaintiff's next argument—because the MSCAN contract contains a couple of phrases that call for "adequate staffing" and generically mentions that "case management" providers should "be qualified by training and experience," those items are material. [Dkt. 30 at 15–16.] But merely because a contract—here, depending on the year, between 100 and 200 pages in length—minimally addresses a certain topic does not make that subject "material." Were that so, the failure to abide by *any* contractual provision could potentially give rise to FCA liability. In *Escobar*, the Supreme Court rejected the idea that the FCA is "a vehicle for punishing garden-variety breaches of contract." 136 S. Ct. at 2003. Plaintiff does not explain (much less plead in the amended complaint) why those snippets of the MSCAN contract are of any special import compared to its myriad other parts, such as the provision of inpatient hospital services, emergency care, behavioral health, prescription drugs, and similar items of significance. [Dkt. 3-8 at 40–43.] *Escobar* teaches that a statement is material if it has a natural tendency to influence the payment of money, *i.e.*, "went to the very essence of the bargain," and there is no inference that may be drawn from the amended

complaint how or why those excerpts relate to the government's decision to pay Magnolia.[2] *Id.* at 2002, 2003 n.5 (citation omitted.)

Plaintiff then curiously argues that Mississippi's state legislators and nursing regulators believe the skills possessed by RNs are "material to the practice of case management services." [Dkt. 30 at 18.] With respect, that is not the appropriate inquiry: as already discussed, materiality implicates the government's decision to pay. Moreover, the views of those persons are entirely irrelevant to whether the allegedly false statements are material to the MSCAN contract, for none of them were parties to that agreement or had anything to do with it.[3]

Plaintiff next contends that because only "the sickest of the poor" are eligible for case management services, that is indicative of the alleged false statements' materiality. [Dkt. 30 at 20.] That is a difficult argument to understand. Simply because a particular subset of Medicaid beneficiaries is eligible for certain services does not *ipso facto* remotely suggest that statements concerning the provision of those services has anything to do with the government's decision to pay or went to the essence of the contractual bargain. By Plaintiff's reasoning, provisions of the MSCAN that pertain to the least sick would necessarily not be material. That argument is just not logically sound.

Plaintiff also says Magnolia's statements were material because they "advantaged [Magnolia] economically." [Dkt. 30 at 21.] That assertion is also difficult to grasp. Merely

---

[2] The same is true for the federal regulation in the MSCAN contract pertaining to misleading advertising. Plaintiff does not explain why that regulation is material besides the fact that it is mentioned separately in the agreement. But the lengthy contract singles out numerous provisions of law, such as the Clean Air Act and Clean Water Act. [Dkt. 3-6 at 93; dkt. 3-7 at 94; dkt. 3-8 at 147–48.] The mere separate citation of a law is in no way indicative of its materiality.

[3] Beyond that, Plaintiff does not identify any statute passed by the Mississippi Legislature that restricts provision of case management services to RNs. As for the Mississippi Board of Nursing, Plaintiff cannot point to any regulation in the administrative code that addresses that issue. A mere FAQ on the Board's website—which does not purport to have the force of law (nor does it)—is the best Plaintiff can do. That is the slenderest of reeds to use to call a statement "false," much less to assert the failure to comply with a contract term that only obliquely implicates it is material.

because Magnolia allegedly gained *ex post* from its supposed false statements is irrelevant to the potential effect those statements had on the government's *ex ante* decision to pay or strike the bargain. And probably almost all false claims are alleged to have benefitted the defendant at the expense of the government; were that indicative of materiality, no case would ever be dismissed at the pleading stage for want of sufficient materiality allegations. Unsurprisingly, Plaintiff cites no authority in support of her novel argument.

Last, under the heading "Common Sense," Plaintiff offers Justice Thomas's example from *Escobar* of a contract for guns that do not shoot to support her position regarding materiality. [Dkt. 30 at 22.] There are two problems with that argument. *First*, Justice Thomas's example addressed *scienter* of materiality—not materiality itself—where the government does not designate compliance with a contractual term an express condition of payment. 136 S. Ct at 2001–02. *Second*, even if the anecdote were apropos, unlike a sales contract for guns that cannot be fired, it is simply not self-evident that the provision of telephonic case management services–which include tasks such as appointment scheduling, documentation of referrals, and coordination of benefits—must be provided by RNs, nor is it manifest that LPNs are not qualified to render such services, neither is it apparent that the use of LPNs results in deficient delivery of those services. Plaintiff's appeal to common sense rather than relevant authority amplifies the insufficiency of the amended complaint.

### III. Conclusion

For the foregoing reasons, Defendant Magnolia Health Plan, Inc.'s Motion to Dismiss [dkt. 19] should be granted.

This 8th day of December 2017.     Respectfully submitted,

MAGNOLIA HEALTH PLAN, INC.

By: /s/Timothy L. Sensing
Timothy L. Sensing (MS Bar #102575)
J. Scott Gilbert (MS Bar #102123)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, Mississippi 39205
601.965.1900
*tsensing@watkinseager.com*
*sgilbert@watkinseager.com*

John B. Howell III (MS Bar No. 102655)
WATKINS & EAGER PLLC
Post Office Box 16567
Hattiesburg, Mississippi 39404
601.264.4499
*jhowell@watkinseager.com*

**CERTIFICATE OF SERVICE**

I certify that today I filed the foregoing document with the Clerk of Court's CM/ECF system, which will send an electronic notification to all counsel of record.

This 8th day of December 2017.

/s/Timothy L. Sensing
Timothy L. Sensing